UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Krista Michaud and
Minda Fieldsend,
    Plaintiffs

   v.                                  Civil No. 06-cv-408-SM
                                       Opinion No. 2007 DNH 118
Dianne McAnaney,
    Defendant

**O R D E R**

In two cases that have been removed from the New Hampshire Superior Court, and consolidated here, Krista Michaud and Minda Fieldsend have sued their mother, Diane McAnaney, for damages arising out of her alleged failure to protect them from sexual, physical, and emotional abuse at the hands of their stepfather, David McAnaney, that allegedly took place from the 1970s through 1981. Before the court is defendant's motion for summary judgment (document no. 12). For the reasons given, that motion is denied.

**Summary Judgment Standard**

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P.

56(c).  "The role of summary judgment is to pierce the boilerplate of the pleadings and provide a means for prompt disposition of cases in which no trial-worthy issue exists." Quinn v. City of Boston, 325 F.3d 18, 28 (1st Cir. 2003) (citing Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000)). When ruling on a party's motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. See Lee-Crespo v. Schering-Plough Del Caribe Inc., 354 F.3d 34, 37 (1st Cir. 2003) (citing Rivera v. P.R. Aqueduct & Sewers Auth., 331 F.3d 183, 185 (1st Cir. 2003)).

**Background**

Krista Michaud and Minda Fieldsend were born in 1966 and 1968, respectively, to defendant and Gary Kistler.  Kistler died in 1970, and defendant married David McAnaney in 1971.

In early May 2003, Michaud and Fieldsend sent their mother an e-mail informing her "that the two of them had discovered information . . . that caused them to hold [her] partially responsible for injuries resulting from sexual abuse committed against them while they were minors by . . . David McAnaney." (Def.'s Mot. Summ. J., Dianne McAnaney Aff. ¶ 2).  Specifically,

the sisters accuse their stepfather of abusing them from the 1970s through 1981.  They say they first had reason to think that their mother knew or should have known of David McAnaney's abusive conduct in April of 2003.  (Pl.'s Obj. to Summ. J., Ex. 5 ¶ 5; id., Ex. 6 ¶ 5.)  Michaud and Fieldsend commenced suit against their mother under New Hampshire law by writs of summons dated September 27, 2006.

**Discussion**

Defendant moves for summary judgment on grounds that these lawsuits are time-barred.  After careful consideration, the court disagrees.

The statute of limitations upon which defendant relies, New Hampshire Revised Statutes Annotated ("RSA") 508:4-g provides:

> A person, alleging to have been subjected to any offense under RSA 632-A or an offense under RSA 639:2, who was under 18 years of age when the alleged offense occurred, may commence a personal action based on the incident within the later of:
>
> I.  Seven years of the person's eighteenth birthday; or
>
> II.  Three years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

In defendant's view, the plain language of RSA 508:4-g entitles her to judgment as a matter of law, given that plaintiffs discovered the causal relationship between their injuries and her alleged conduct no later than April 30, 2003, but did not file suit until September of 2006.  While RSA 508:4-g, II, could be construed, literally, as requiring plaintiffs to have filed their claims no later than April 30, 2006, that construction would be entirely inconsistent with the plain intent of the legislature, and would raise serious constitutional issues as well.

   Before RSA 508:4-g became effective on July 22, 2005, Michaud and Fieldsend had until April 30, 2009, to file suit against their mother for personal injury.  That is because their causes of action arose no later than 1981, and, in Conrad v. Hazen, 140 N.H. 249 (1995), the New Hampshire Supreme Court held that when, in 1986, the legislature amended RSA 508:4 — the general tort statute of limitations — to reduce the limitations period from six to three years, its decision to do so prospectively left intact the six-year statute of limitations for causes of action arising prior to July 1, 1986, the amendment's effective date.  Id. at 252.  Defendant argues that the legislature's subsequent enactment of RSA 508:4-g, II, manifested an intent by the legislature to reduce the limitations period

4

applicable to personal injury actions arising before July 1, 1986, from six years to three years for plaintiffs alleging personal injuries from child sexual abuse — that is, an intent to carve out from the rule in Conrad v. Hazen a class of tort plaintiffs consisting of child sexual abuse victims, and only child sex abuse victims.

While, under New Hampshire law, legislative silence normally leads to a presumption of retrospective application when limitations statutes are amended, see Petition of Beauregard, 151 N.H. 445, 448 (2004); State v. Hamel, 138 N.H. 392, 394 (1994), that rule should not control here, for at least two reasons. First, the legislative history suggests otherwise.  Senate Bill ("SB") 75, the bill that gave rise to RSA 508:4-g, was consistently characterized as an effort to extend the statute of limitations for plaintiffs filing civil actions based upon claims of child sexual abuse.  (Pl.'s Obj. to Summ. J., Exs. 2-4.) Given that clear intent, it would be anomalous, to say the least, to read RSA 508:4-g, II, as retrospectively applicable, and thus having the effect of substantially shortening the pre-1986 limitations period only for those alleging injuries arising from child sexual abuse, while leaving intact the six-year period for all other similarly situated personal injury plaintiffs.  See

Cloutier v. City of Berlin, 154 N.H. 13, 17 (2006) (explaining that goal of state statutory construction "is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme"); Beckley Capital Ltd. P'ship v. DiGeronimo, 184 F.3d 52, 57 (1st Cir. 1999) ("[s]tatutory language should never be read without attention to purpose even when the language seems clear on its face") (citing NLRB v. Lion Oil Co., 352 U.S. 282, 288 (1957)).

The legislative history of SB 75 speaks only of the need to provide those persons harmed by child sexual abuse with an enlarged limitations period; nothing in the legislative history suggests an intent to reduce the limitations period for any class of plaintiffs, nor does it hint at a legislative purpose that might be served by such a reduction. On the other hand, it is entirely consistent with the intent of the legislature to construe the three-year limitation period included in RSA 508:4-g as little more than a reiteration of the general three-year limitations period already applicable to personal injury claims and already included in RSA 508:4. The three-year period described in RSA 508:4-g also fairly includes by implication the provision regarding prospective application, which preserves

rather than reduces the six-year limitation period available to plaintiffs asserting claims of child sexual abuse that arose prior to 1986.

Second, a significant constitutional impediment to defendant's proposed construction of RSA 508:4-g, II, exists. It seems apparent, given the decision in Carson v. Maurer, 120 N.H. 925 (1980), overruled in part by Cmty. Res. for Justice, Inc. v. City of Manchester, 154 N.H. 748 (2007), that the state legislature could not, without transgressing the constitutional principle of equal protection, limit a discrete class of plaintiffs — those with pre-1986 causes of action arising from child sexual abuse — to a three-year statute of limitations, while allowing all other classes of personal injury plaintiffs with pre-1986 causes of action to benefit from the previous six-year statute of limitations. At least, it could not do so without some rational justification. No such justification is apparent here, no doubt because the legislature did not intend such a result.

In Carson, the New Hampshire Supreme Court struck down, on equal protection grounds, a state statute of limitations applicable to medical injury actions, RSA 507-C:4, that required

minors injured when they were less than eight years old to file suit no later than their tenth birthdays, thus denying that particular class of personal injury plaintiffs the benefit of RSA 508:8, which allows minors claiming personal injury to file suit up to two years after reaching the age of majority. Id. at 936-37. In the court's view, the distinction drawn by the statute – between medical injury claimants under eight years of age on the one hand, and all other personal injury claimants under eight years of age, on the other – did not advance the legislature's objectives in enacting RSA 507-C and, consequently, "unfairly burden[ed] and discriminate[d] against medical malpractice plaintiffs, and . . . denie[d] such plaintiffs equal protection of the laws." Id. at 937. A literal reading of RSA 508:4-g, II, would render that statute vulnerable to the same constitutional challenge directed against RSA 507-C and found meritorious in Carson.

When construing state statutory provisions, the New Hampshire Supreme Court "presume[s] that the legislature intended to confine a statute's scope within constitutional limits." In re R.A., 153 N.H. 82, 95 (2005) (citing In re Pub. Serv. Co. of N.H., 122 N.H. 919, 922 (1982)). "A statute will not be construed to be unconstitutional where it is susceptible to a

construction rendering it constitutional." R.A., 153 N.H. at 95 (citing White v. Lee, 124 N.H. 69, 77-78 (1983)).  A construction of RSA 508:4-g, II, that renders the statute constitutional is one that presumes that the legislature imported the general three-year statute of limitations from RSA 508:4 into RSA 508:4-g, II, and intended that RSA 508:4-g, II, like RSA 508:4, would operate prospectively only, rather than retrospectively to divest plaintiffs claiming injuries from pre-1986 child sexual abuse – and only those plaintiffs – of the six-year statute of limitations.  Thus construed, RSA 508:4-g, II, is not unconstitutional and does not facially bar plaintiffs' suit, since this action was filed within six years of plaintiffs' asserted discovery of the causal relationship between their injuries and the acts or omissions of which they complain.

Finally, defendant's reliance upon Norton v. Patten, 125 N.H. 413 (1984), is unavailing.  Under New Hampshire law, "statutes of limitation may be changed at the pleasure of the legislative power, either by enlarging or restricting the period within which suits may be brought."  Id. at 416 (quoting Willard v. Harvey, 24 N.H. 344, 355 (1852)).  Such statutes may even be changed retrospectively without violating Part I, Article 23 of the New Hampshire Constitution.  See State v. Hamel, 138 N.H.

392, 394 (1994) (quoting State v. Preston, 119 N.H. 877, 880 (1979); citing Norton, 125 N.H. at 416)).  But, unlike this case, Norton involved a change in the law that applied to all potential plaintiffs, not just a sub-class making a specific kind of claim.  And, of course, Carson stands for the proposition that the legislative power to change statutes of limitation is constrained by the constitutional guarantee of equal protection of the laws.  Thus, the legislature's unquestioned authority to retroactively apply a change to a statute of limitations, without more, does not counsel a different conclusion in this case.

## Conclusion

For the reasons given, defendant's motion for summary judgment (document no. 12) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

September 25, 2007

cc: Peter E. Hutchins, Esq.
    Cyrus F. Rilee, III, Esq.
    John A. Lassey, Esq.